UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:

                                                     Case No. 10-14377

PENNSYLVANIA ACADEMY OF MUSIC
    Debtor                                           Chapter 11

## DEBTOR'S LIQUIDATING PLAN OF ARRANGEMENT

Debtor proposes the following Plan of Arrangement:

### ARTICLE I
### CLASSIFICATION OF CLAIMS AND INTERESTS

The claims are divided into the following classes:

CLASS 1:    All allowed claims entitled to priority under § 507 of the Code (except administrative expense claims under § 507(a)(2), and priority tax claims under § 507(a)(8)).

CLASS 2:    Creditors having general unsecured claims.

### ARTICLE II
### TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

Unclassified Claims. Under section §1123(a)(1), administrative expense claims, priority tax claims are not in classes.

Administrative Expense Claims Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

Priority Tax Claims. Each holder of a priority tax claim will be paid in cash on the effective date of this Plan consistent with § 1129(a)(9)(C) of the Code.

United States Trustee Fees. All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

### ARTICLE III
### CLAIMS IMPAIRED UNDER THE PLAN

Class 2 is impaired under the plan. Members of Class 2 will be paid pro rata up to the full amount of the allowed amount of their claims. In the event there is a remaining surplus members of Class 3 will be paid interest pro rata on the allowed amount of their claim from the date of the debt to the Creditor was incurred to the date of payment under the Plan.

## ARTICLE IV
### EFFECTIVE DATE OF PLAN

Effective date of the Plan shall be the later of the date ten (10) days following the Entry of an Order of Confirmation or the date when the Order of Confirmation becomes final and non-appealable.

## ARTICLE V
### EXECUTION AND IMPLEMENTATION OF THE PLAN

Debtor will make payments under the Plan from the funds received from the liquidation of its assets.

## ARTICLE VI
### GENERAL PROVISIONS

The following general provisions shall apply:

1. Upon Confirmation, Debtor shall be revested with any remaining assets and entitled to manage its affairs subject the specific provisions of Article VII without further Order of the Court.

2. Debtor shall act as Disbursing Agent in connection with the receipt of and distribution of cash provided for under the terms of the Plan.

3. Proponent may file objections to the classification of any claim with any Creditor or to the amount of any claim of any Creditor prior to confirmation.

4. Proponent may propose amendments or modifications to the Plan at any time prior to Confirmation, with leave of Court, upon notice to Creditors. After confirmation, Proponent may, with approval of the Court so long as it does not materially or adversely affect the interest of Creditors or any other party in interest, remedy any defect or omission or reconcile any inconsistencies in the Plan or in the Order of Confirmation, in such manner as may be necessary to carry out the purposes and intent of the Plan.

5. If an objection is made to the allowance of a claim of a Creditor or to its classification, and such objection or opposition is pending on the date the payment for distribution to Creditors is scheduled to be made, the payment of the claim shall be deferred until an order determining the validity in amount of such claim, and/or its classification, is entered and no longer subject to review or appeal, whereupon, the amount due such Creditor, if any, shall be paid.

6. No payment or distribution shall be made on account of allowance of compensation pursuant to Section 330 of the Bankruptcy Code until an order allowing same becomes final in all respects and is no longer subject to review or appeal, whereupon the payment and distribution to such person, without interest thereon, shall be made.

7. The failure of Proponent to object or to examine any claim for the purpose of voting shall not be deemed to be a waiver of its right to object or to re-examine such claim in whole or in part as to validity, amount, or classification so long as the objection or request for examination is filed with the Court prior to confirmation of the Plan.

## ARTICLE VII

### JURISDICTION OF THE COURT

The Court will retain jurisdiction of the case after confirmation until the conclusion of each of the following:

1. The determination of the classification of any claim.

2. The determination of the amount of any claim.

3. The re-examination of any claim.

4. Determination of all causes and disputes regarding title to the assets of the estate and determination of all causes of action, controversies, disputes, or conflicts, whether or not subject to actions pending as of confirmation of the Debtor to recover assets pursuant to the provisions of Title 11 of the United States Code.

5. The determination of allowance of compensation for those parties entitled to compensation in accordance with Title 11 of the United States Code.

6. Correction of any defect, the curing of any omission, or the reconciliation of the inconsistency in the Plan or Order of Confirmation as may be necessary to carry out the purposes and intent of the Plan.

7. The modification of the Plan after confirmation, pursuant to the Bankruptcy Rules in Title 11 of the United States Code.

8. To enforce and interpret the terms and conditions of the Plan.

9. To enter any order, including injunctive relief, to enforce the title, rights and powers of Debtor and to impose such limitations, restrictions, terms, and conditions of such title, rights, and powers as the Court may deem necessary.

10. To enter an order concluding and terminating the case.

Date: April 6, 2011

JACQUES H. GEISENBERGER, JR., P. C.
By: /s/ Jacques H. Geisenberger, Jr.
    Jacques H. Geisenberger, Jr.
    941 WHEALAND AVE - STE 403
    LANCASTER  PA  17603-3180
    TEL  717/397-3500 ▪ FAX  717/299-5813
    E-Mail   jacques@geiscoop.com

Attorney for Debtor and Debtor-in-Possession

PENNSYLVANIA ACADEMY OF MUSIC
By: /s/ Thomas F. Godfrey
    Thomas F. Godfrey - Chair
    313 WEST LIBERTY STREET
    SUITE 210
    PO BOX 1615
    LANCASTER PA 17603

Debtor and Debtor-in-Possession